IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK OHLSEN,                         )
                                         )        2:06-cv-2361-GEB-GGH
                        Plaintiff,       )
                                         )
        v.                               )        ORDER
                                         )
COUNTY OF SAN JOAQUIN; SAN JOAQUIN )
SHERIFF BAXTER DUNN; SAN JOAQUIN         )
COUNTY SHERIFF'S DEPUTY ROBERT           )
SEMILLO; SAN JOAQUIN COUNTY              )
SHERIFF'S SERGEANT JONES; and SAN )
JOAQUIN COUNTY SHERIFF'S DEPUTY          )
NESBITT,                                 )
                                         )
                        Defendants.      )
_____  )

        Plaintiff moves for reconsideration of the order filed March

14, 2008 ("March 14 Order"), in which cross motions for summary

judgment were decided.[1]  Plaintiff argues (1) the deliberate

indifference standard should not have been applied to determine the

County's liability on Plaintiff's warrantless entry claim, (2) the

issue whether Defendants are liable on Plaintiff's unlawful arrest

claim should be reconsidered, (3) the issue whether Plaintiff is

_____

        [1]    It is assumed the reader is familiar with the March 14 Order.

1

entitled to summary judgment against the County on his claim that the
officers' failed to give a second verbal warning at Plaintiff's
bedroom door before entry should be reconsidered, and (4) the issue
whether the County is liable under California law should be
reconsidered.  Defendants oppose the motion, arguing it is untimely
and lacks merit.  Defendants also object to the portion of the Final
Pretrial Order filed April 24, 2008, that uses the legal standard
Plaintiff opines governs the entry issue.

PLAINTIFF'S RECONSIDERATION MOTION

I. Timeliness

Defendants argument that Plaintiff's reconsideration motion
is untimely under Rule 59(e) since it was filed more than ten days
after the March 14 Order is unpersuasive. District courts have
authority to "reconsider their own orders before they become final
. . ." United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000).

II. Warrantless Entry Claim Against the County

Plaintiff argues the County should not have been granted
summary judgment on Plaintiff's warrantless entry claim, since the
"deliberate indifference" standard did not apply to that claim, and
application of the correct standard requires summary judgment be
entered in Plaintiff's favor.  Plaintiff argues that the deliberate
indifference standard only applies where the "underlying
constitutional violation itself . . . require[s] . . . proof of
deliberate indifference," the "constitutional violation is caused by a
failure to act," or the "entity liability is premised on a failure to
train."  (Mot. at 3 n.1, 5:10-12, 4:8-9.)  Plaintiff further argues:
"Here, [Plaintiff's] entry claim (as it relates to the entry without
his consent based only on the consent of [his wife]) was not based on

a failure to train.  Rather, it was based on affirmatively unconstitutional training.  The deputies entered [Plaintiff's] home without a warrant because that is what the department told and trained them to do."  (Mot. at 7:15-18.)

The County disagrees, arguing the deliberate indifference standard was correctly applied since its entry policy was facially constitutional under the Ninth Circuit law at the time, and "in all cases in which a policy itself is facially valid . . . [the] plaintiff must show that the entity was 'deliberately indifferent.'"  (Opp'n at 7:8-11.)  Under the Ninth Circuit rule applicable at the time of the officers' entry, "a co-occupant [could] allow someone to enter, even if [another occupant did] not approve of the entry." United States v. Morning, 64 F.3d 531, 536 (9th Cir. 1995).  However, this rule was subsequently overruled by the Supreme Court in Georgia v. Randolph, 547 U.S. 103, 120 (2006), where it held that officers' warrantless entry was unconstitutional where one cotenant consented to entry and the other cotenant refused.

The Supreme Court has established that a municipality is exposed to liability for a constitutional violation even if the constitutional right at issue was not established at the time of the violation.  Owen v. City of Independence, 445 U.S. 622, 657 (1980). Therefore, even though the policy at issue was constitutional under the Ninth Circuit rule at the time of the officers' entry, since the Supreme Court subsequently held otherwise, Plaintiff has shown that the policy was actually unconstitutional, and the deliberate indifference standard should not have been applied to his warrantless entry claim.

1    The County argues it is nevertheless entitled to summary
2 judgment on Plaintiff's warrantless entry claim, because the entry was
3 justified by exigent circumstances: Jocelyn told the officers that
4 Plaintiff had access to a gun in the residence; the officers had
5 probable cause to arrest Plaintiff for spousal abuse; Plaintiff
6 refused to exit his home or answer the door; an emergency protective
7 order had been issued earlier that evening against Plaintiff to
8 protect Jocelyn; and Jocelyn wanted the officers to arrest Plaintiff.
9 (SUF ¶¶ 9, 12, 17, 18.)

10    However, when the officers entered Plaintiff's home, Jocelyn
11 was outside with the officers, in relative safety, and the officers
12 knew no one else was in the home with Plaintiff; thus, there is no
13 evidence suggesting that delaying the entry in order to obtain a
14 warrant would present danger to Jocelyn, the officers, or anyone else.
15 See United States v. Martinez, 406 F.3d 1160, 1164 (9th Cir. 2005)
16 (holding that exigent circumstances did not justify officer's
17 warrantless entry into home where officer responded to domestic
18 violence report and domestic violence victim was out front of the
19 home).  Further, Plaintiff's access to a gun and refusal to come
20 outside does not alone create exigent circumstances justifying the
21 officers' warrantless entry.  See LaLonde v. County of Riverside, 204
22 F.3d 947, 958 n.16 (9th Cir. 2000) ("The mere fact that a person owns
23 a rifle and does not like law enforcement officials does not in itself
24 allow police officers to enter the person's home and seize him simply
25 because he is unwilling to step into the public domain for
26 questioning, even if probable cause exists to believe that some
27 offense has been committed.").  Moreover, Plaintiff presented un-
28 rebutted evidence that the officers could have obtained an arrest

warrant prior to entering his home.  (SUF ¶ 31; Semillo Dep. at 53:19-54:15.)

The County argued at the reconsideration hearing, the protective order issued against Plaintiff justified the officers' entry into Plaintiff's home.  The protective order required Plaintiff to stay at least 100 yards away from Jocelyn, and instructed him to "move out immediately" from the home he shared with Jocelyn.  (See Berry Decl., Ex. 2 to Ex. D.)  However, Plaintiff's evidence that he was unaware of the protective order until Deputy Semillo served it on him following his arrest is not controverted.  Semillo testified that he did not serve Plaintiff with the protective order until after the officers entered Plaintiff's house and arrested him.  (Semillo Dep. at 99:20-24.)  The County admitted this fact.  (SUF ¶ 33.)  The summary judgment record does not reveal that either Jocelyn or Semillo informed Plaintiff about the protective order before the entry.  (See Jocelyn Dep. at 48:21-52:4 (testifying about her conversation with Plaintiff after the protective order was issued); Semillo Dep. at 61:12-63:10 (testifying about his conversation with Plaintiff prior to entering the house).)  Therefore, the protective order did not justify the officers' warrantless entry.

For the stated reasons, the County has not shown exigent circumstances justified the offices warrantless entry into Plaintiff's home.

The County also argues the entry was justified by Jocelyn's consent to enter.  However, the undisputed facts reveal Plaintiff refused to consent to the officers' entry into his home to arrest him.

Plaintiff contends since it is undisputed that the officers' warrantless entry was in accordance with County policy and training,

summary judgment on this claim should have been entered in his favor. Plaintiff has presented evidence that the officers' entry was caused by a County policy which trained the officers that if they had the consent of one co-tenant, they could enter a home even over the objection of the other co-tenant. Deputy Semillo testified that he received "training on consent," which trained him that if one co-resident consents to an officer's entry into the home, the officer does not need the consent of the other co-resident. (Id. at 76:6-11.) The County admitted the following facts in the parties' statement of undisputed facts: (1) "All of the deputies' actions were in accordance with the policies of the County of San Joaquin," and (2) "all of the deputies' actions were in accordance with their training." (SUF ¶¶ 63-64.) Semillo also testified that everything he did during the incident was consistent with and in accordance with County policy. (Semillo Dep. at 45:17-46:12.) Further, Lieutenant Reuben Orozco (whom Defendants designated as the "person most knowledgeable" for the San Joaquin Sheriff's Department) testified that everything the officers did during the incident at issue was in accordance with and pursuant to department policy. (Orozco Dep. at 51:18-52:16.) The County does not counter Plaintiff's evidence with specific facts showing a genuine issue of material fact for trial as to the existence of this policy.

Therefore, the County does not prevail on Plaintiff's warrantless entry claim, and summary judgment is entered in favor of Plaintiff on this claim.

III. Unlawful Arrest Claim

Plaintiff argues summary judgment should not have been entered in favor of the County on his unlawful arrest claim, but

rather should have been entered in favor of him.  (Mot. at 18:22-19:22.)  Plaintiff cites case authority demonstrating his arrest was a Fourth Amendment violation because the officers' entry into his home was not justified by consent or exigent circumstances.  See Hadley v. Williams, 368 F.3d 747, 749 (7th Cir. 2004) ("To arrest a person in his home without a warrant is normally a violation of the Fourth Amendment even if there is probable cause to arrest him . . ." ); McClish v. Nugent, 483 F.3d 1231, 1248 (11th Cir. 2007) ("In the absence of a warrant, [Plaintiff's] arrest was, therefore, presumptively unreasonable and in violation of his Fourth Amendment right to be secure in his home.").

    Defendants argue in their summary judgment brief that Plaintiff's unlawful arrest claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), since Plaintiff was subsequently convicted of spousal abuse.  (Defs.' Opp'n at 11:17-13:3.)  Heck precludes Plaintiff from bringing a claim for damages under 42 U.S.C. § 1983 "if a judgment in favor of [] [P]laintiff would necessarily imply the invalidity of his conviction."  512 U.S. at 487.  Since "an illegal search or arrest may be followed by a valid conviction," Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), "a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest."  Mackey v. Dickson, 47 F.3d 744 (5th Cir. 1995).  Defendants have not shown that a judgment in Plaintiff's favor "would necessarily imply the invalidity of his conviction" for spousal abuse.  Heck, 512 U.S. at 487.

    Plaintiff has shown he is entitled to summary judgment against the County on his unlawful arrest claim; therefore, summary

judgment is entered against the County and in favor of Plaintiff on this claim.

IV. Failure to Give Second Warning Claim

Plaintiff argued at oral argument on his reconsideration motion that he should prevail as a matter of law against the County on his claim that the officers' failure to give a second verbal warning at his bedroom door constituted excessive force.  Plaintiff argued his position is supported by the Fourth Circuit's decision in Vathekan v. Prince George's County, 154 F.3d 173 (4th Cir. 1998).  Vathekan held that it was "clearly established that failure to give a warning before releasing a police dog is objectively unreasonable in an excessive force context."  Id. at 179.  In Vathekan, a factual dispute existed whether the officer had given a verbal warning prior to entering the plaintiff's house with the police dog.  Id. at 180.  The officer conceded he did not give a warning at the interior door once inside the plaintiff's house.  Id. at 176.  The Vathekan court did **not** hold that the officer's conceded failure to give a warning at the interior door was excessive force as a matter of law; instead, the court held that the factual dispute as to whether the officer gave a warning **before entering** the plaintiff's house precluded the officer's summary judgment motion.  Id. at 180.  Here, Defendants presented uncontradicted evidence that they gave a verbal warning prior to entering Plaintiff's home, but did not give a second warning once inside Plaintiff's home.  Plaintiff has not shown this issue should be reconsidered.

/ / /

V. Liability Under California Law

Plaintiff argues since he prevails on his § 1983 warrantless entry and unlawful arrest claims against the County, he also prevails on his state law claims against the County.  (Mot. at 17:1-18:20.)

Plaintiff's claims under California Constitution Article I, Section 13, are not viable because that provision does not provide a cause of action for monetary damages.  See Brown v. County of Kern, 2008 WL 544565, *17-18 (E.D. Cal. Feb. 26, 2008).

Plaintiff also alleges claims under California Civil Code section 52.1.  Section 52.1 provides a cause of action against a person who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual . . . of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state."  Cal. Civ. Code § 52.1. Plaintiff argues he prevails on his section 52.1 claims against the County for (1) the officers' warrantless entry, and (2) Plaintiff's unlawful arrest.  Plaintiff has demonstrated the officers interfered with his Fourth Amendment rights by entering his home without a warrant to arrest him.  Further, the summary judgment record reveals that the officers interfered with these constitutional rights by "threats, intimidation, or coercion," since the officers seized Plaintiff.  See Butler v. City of Sacramento, 2007 WL 2275218, at *7 (E.D. Cal. Aug. 7, 2007) (holding that officers used "threats, intimidation, or coercion" when they handcuffed and detained plaintiff).

The County counters that it is immune from liability for Plaintiff's state law claims under California Government Code sections

815.2 and 820.2.  (Defs.' Reply at 11:19-24.)  Section 815.2 provides
that a public entity is immune from liability if its employee is
immune.  Cal. Gov't Code § 815.2(b).  The County contends it is immune
from liability since the officers are immune under Section 820.2,
which prescribes that public employees are immune for acts that are
"the result of the exercise of the discretion . . . , whether or not
such discretion be abused."  Id. § 820.2.  "[Section 820.2] immunity
does not apply to all acts by public employees within the literal
meaning of the term 'discretionary.'  Rather, the immunity is more
limited."  Gillan v. City of San Marino, 147 Cal. App. 4th 1033, 1051
(2007).  "A workable definition of immune discretionary acts draws the
line between 'planning' and 'operational' functions of government."
Id. (internal citations and quotations omitted).  Since the decisions
to enter Plaintiff's home without a warrant and arrest him were not
"basic policy decision[s]," but were "only [] operational decision[s]
by the police," the County has failed to show that sections 815.2 and
820.2 provide immunity from Plaintiff's section 52.1 claims.  See id.
(holding officer's decision to arrest plaintiff was not discretionary
"policy decision," but rather was "operational decision," and
therefore officer was not immune under section 820.2).

       Plaintiff argues he prevails on his section 52.1 claims
against the County on a theory of respondeat superior.  (Mot. at 17:1-
18:20.)  "California . . . imposes liability on counties under the
doctrine of respondeat superior for acts of county employees . . . ."
Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir. 2002).  Since
Plaintiff has demonstrated the officers interfered with his Fourth
Amendment rights by "threats, intimidation or coercion," and the
County has failed to show it is immune from liability, Plaintiff's

summary judgment motion is granted on his section 52.1 claims against the County for the officers' warrantless entry and arrest of Plaintiff in his home.

SUMMARY

Upon reconsideration, (1) Plaintiff's summary judgment motion on his warrantless entry and unlawful arrest claims against the County is granted, and the County's motion on those claims is denied; and (2) Plaintiff's summary judgment motion on his section 52.1 claims against the County for the warrantless entry and arrest is granted, and the County's motion on those claims is denied.  Defendants' objection to the Final Pretrial Order is overruled.

IT IS SO ORDERED.

Dated:  June 3, 2008

GARLAND E. BURRELL, JR.
United States District Judge